991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marvell MANNS, Plaintiff-Appellee,
v.
Julie CURRY, in her official capacity as Treasurer of Macon
County, Defendant-Appellant.
 Nos. 92-3030, 92-3031.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 17, 1993.
Decided April 12, 1993.
 
 1
 Before EASTERBROOK and KANNE, Circuit Judges, and WILL, Senior District Judge.*
 
 Order
 
 2
 A jury concluded that Jim Edgcomb, former Treasurer of Macon County, Illinois, discriminated on grounds of race and political affiliation against Marvell Manns, one of his employees. It awarded $37,500 in compensatory plus $100,000 in punitive damages against Edgcomb in both his personal and official capacities. Later the court tacked on approximately $15,000 in attorney's fees. Edgcomb has not appealed.
 
 
 3
 Manns would like to collect this award from Macon County. Julie Curry, the current Treasurer of Macon County, asks us to hold that the County need not pay the judgment. It is an odd request, for the County is not a party of the case and has not been directed to pay Manns one dime. Before trial, the Treasurer invoked Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir.1989), which holds that counties in Illinois lack direction over sheriffs and thus ordinarily cannot be liable in actions under 42 U.S.C. § 1983 for sheriffs' misconduct. Cf. Scott v. O'Grady, 975 F.2d 366 (7th Cir.1992). Counsel, nominally representing the Treasurer but having the interests of the County more at heart, asked the judge to declare that treasurers are like sheriffs for purposes of liability under § 1983. Manns obliged by conceding the point. The district court wrote:
 
 
 4
 According to the plaintiff, a suit against the county treasurer in his official capacity is aimed at the office of the Macon County Treasurer, not at the Macon County Board or Macon County. Because the county treasurer is an independent political officer, a suit concerning the treasurer's policies must be directed at his office. The suit also satisfies the requirements of Monell since Edgcomb, as county treasurer, had the authority to set policy for the office.
 
 
 5
 The judgments entered in the case reflect this conclusion. The damages award runs against "the defendants, Jim Edgcomb and Treasurer of Macon County, Illinois, jointly and severally"; the order fixing attorneys' fees binds "defendants Jim Edgcomb and the Macon County Treasurer's Office".
 
 
 6
 The language of the judgments, coupled with the exposition in the district court's opinion, makes it hard to see what this appeal is about. Only the "Macon County Treasurer's Office", not Macon County itself, is liable on the judgments. (Manns does not contend that there is a difference between the "Macon County Treasurer's Office" and the "Treasurer of Macon County"; the district judge thought the terms equivalent.) Curry, as the incumbent Treasurer, has no legitimate objection to requiring the "Macon County Treasurer's Office" to satisfy the judgment; Edgcomb plainly set policy for the Office within the meaning of Jett v. Dallas, 491 U.S. 701 (1989), and Auriemma v. Rice, 957 F.2d 397 (7th Cir.1992). The County may be required to indemnify Edgcomb under state or local law, but that question is not presented. Indemnification, if any, would be a consequence of the individual-capacity award, but the appeal is limited to the official-capacity award. The appeal seems to be much ado about nothing.
 
 
 7
 One would suppose that Manns rather than the County would be the party aggrieved by the judgment. Does the "Macon County Treasurer's Office" exist as a separate entity? But Manns did not file an appeal. As the district court wrote, and we reiterate, Manns cannot collect from the County on the official-capacity aspect of the judgment. She will have to collect from Edgcomb or locate assets belonging to a "Macon County Treasurer's Office." Whatever her problems in collection may be, the County has no beef with the judgment actually entered.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Of the Northern District of Illinois, sitting by designation